UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 3:08-CR-67 |
| V. ) | (PHILLIPS/SHIRLEY) |
| ) | |
| ) | |
| BERNARD WALKER, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the undersigned on May 14, 2007 for a scheduled detention hearing. Assistant United States Attorney David Lewen was present on behalf of the government. Attorney Angela Morelock was present on behalf of Defendant Walker, who was also present. The government sought to have the Defendant detained pretrial, arguing that there were no conditions of release that would reasonably assure his appearance in future court proceedings and that Defendant Walker's release would pose a danger to the community.

Defendant is charged [Doc. 1] with one count of possession with the intent to distribute fifty grams or more of a mixture and substance containing cocaine base (crack). At the detention hearing, the government did not call any witnesses, instead proceeding by proffer on the issue of the detention. The defense called two witnesses: Defendant Walker and Defendant's sister, Latasha King. Attorney Morelock also made a proffer on behalf of her client on the issue of detention.

Following a detention hearing, a defendant may be detained pending trial if there is no

1

condition or combination of conditions that will reasonably assure (1) the defendant's appearance as required in court and (2) the safety of the community or any person in it. 18 U.S.C. § 3142(e). In the present case, the detention issue turns primarily upon whether any combination of conditions of release could reasonably assure the community's safety. The government must establish the lack of such conditions by clear and convincing evidence. In addition, the government argues Defendant is a flight risk or risk of nonappearance. The burden of proof on this issue is a preponderance of the evidence standard. Given the charges in this case of possession with the intent to distribute drugs, the Bail Reform Act establishes a rebuttable presumption that no condition(s) will reasonably assure both the appearance of Defendant and the safety of the community.

In the Court's oral ruling in regard to Defendant's detention, a complete review and analysis of the parties' positions, issues, and facts were stated. That specific and detailed oral ruling is attached hereto and made a part of this Order as if stated herein verbatim. For the reasons stated therein, I find, pursuant to 18 U.S.C. § 3142, that the Defendant did not overcome the statutory presumption that there are no conditions of release that would reasonably assure the Court of the safety of the community and government has met the burden of establishing by clear and convincing evidence that Defendant Walker's release would pose a danger to the community. Furthermore, the Court finds that there are no conditions or combination of conditions of release that would reasonably assure the Court that Defendant would not pose a danger to the safety of any other person or the community. The Court makes no finding with regard to risk of flight in this matter.

It is therefore **ORDERED** that Defendant, Bernard Walker, be detained. Defendant will be committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate to the extent practicable from persons awaiting sentencing or serving

2

sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  Upon order of this Court or a Court of the United States or upon request of the attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshals for the purpose of an appearance in connection with a Court proceeding.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge