UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:08-CR-67 |
| | ) | (PHILLIPS / SHIRLEY) |
| BERNARD WALKER, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on Defendant Walker's Motion to Reconsider Memorandum and Order of Pre-Trial Detention [Doc. 13], filed May 29, 2008. The government filed a Memorandum in Opposition [Doc. 14] on May 30, 2008. Accordingly, this matter is ripe for adjudication. The pending motion is addressed herein, a hearing being unnecessary for its disposition.

On May 19, 2008, this Court entered an Order [Doc. 11], detaining Defendant Walker while awaiting trial, finding there are no conditions or combinations of conditions that will reasonably assure the safety of the community of any person in it. See 18 U.S.C. § 3142(e). The Court made no finding with regard to whether Defendant posed a risk of flight. See id. Defendant now requests the Court to reconsider its determination that he is a danger to the community and make a recommendation of sending him to Midway Sanctions Center. By way of motion, Defendant advises the Court arrangements have been made to reserve a bed for him at Midway, which would allow him

to work and provide for his family while receiving drug counseling.  Furthermore, he would be under supervision, which will reasonably assure the safety of the community, in the spirit of the statute.  Defendant submits he will also abide by any other reasonable conditions the Court deems necessary.

Under 18 U.S.C. § 3142(f)(2)(B), a detention hearing "may be reopened ... at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure ... the safety of any other person and the community."  The Court finds Defendant Walker has provided new information to wit: the availability of a place at Midway Sanctions Center (a "halfway" house) not known to him at the time of the hearing, which has a "material bearing on the issue of whether there are conditions of release that [could] reasonably assure ... the safety of the any other person and the community", and thus, **GRANTS** his motion for reconsideration **[Doc. 13]**.  However, the Court has conducted a through review of Defendant's case and finds the availability of a reserved space at Midway does not change its initial determination of detention.

The Court starts its analysis in acknowledging this case is a presumption case under the Bail Reform Act, since Defendant is charged with possession with the intent to distribute drugs; thus there is a rebuttable presumption that no condition(s) will reasonably assure the Court of the safety of the community.  Furthermore, Defendant has two prior felony drug convictions, which means he faces a maximum possible punishment of life in prison if found guilty on the current charge.  Defendant has never faced such a serious sentence before.  Additionally, the evidence against Defendant is substantial based on the proffer made by the government at his detention hearing.  The

Court found the government's proffer to be unrebutted with regard to possession on the person of Defendant. Yet, even in consideration of these strong factors against Defendant's pretrial release, the Court considered, at length, whether time at Midway would benefit the Defendant in drug treatment as well as keep the community safe with him as a contributing member. However, the Court finds drug treatment has been offered to Defendant many times in the past, yet, he has not been able to take advantage of the benefits of the treatment programs. The Court finds it would be no different now. Defendant participated in, and may have completed[1] the 500 hour substance abuse treatment program offered by the BOP while incarcerated from 1998-2002. Defendant also participated in group counseling for drug rehabilitation at Midway, yet tested positive for drug use on September 23, 2002, within a week of his being discharged, after completing the program successfully. Furthermore, Defendant tested positive two more times in February 2003. In 2003, Defendant participated in the Boot Strap program, another drug rehabilitation and treatment program, and, again, subsequently tested positive for drug use. Finally, Defendant continued to have positive drug screens in 2005, which ultimately led to Defendant's supervised release being revoked.

In light of the ample opportunities given to Defendant for drug treatment and rehabilitation coupled with his consistent inability to utilize those programs for his benefit, Defendant does not appear to this Court to be a person who benefits from treatment opportunities, nor is he likely to suddenly be able to stay away from drugs if released into the community. Although Defendant would be a resident at Midway, which would require him to follow certain rules and restrictions, such as curfew and random drug screening, he would have freedom during the day and given his

---

[1] The record is unclear whether Defendant successfully completed the 500 hour BOP program. Defendant has represented that he did not complete it successfully, yet other treatment notes state that he did.

propensity for drug involvement, the Court finds Defendant continues to be a danger to the safety of any other person or the community, and there are no conditions or combination of conditions of release which would reasonably assure the safety of the community and that he would not be a danger.

Accordingly, Defendant Walker's Motion to Reconsider Memorandum and Order of Pre-Trial Detention **[Doc. 13]** is **GRANTED**. While the new information regarding space at Midway Sanctions Center is material, and thus has been considered, the Court finds it does not change its initial determination of detention, thus, Defendant Walker shall remain detained while awaiting trial.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge